Lott, Senator.
McDuffie, the plaintiff in error, was sued in the court below for the escape of John Webster, who was in his custody as sheriff of the county of Albany, under an execution issued out of the court of chancery. The escape was fully proved, and the defence set up was, that the prisoner was exempt from imprisonment, under the act of 1831, abolishing imprisonment for debt. (Sess. Laws of 1831, p. 396.) The first section of the act prohibits the arrest or imprisonment of any person on an execution issuing out of a court of equity, “in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree, founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract.” The only question presented therefore is, whether the suit in which Webster was imprisoned was founded on contract.
The bill, after alleging that a contract was entered into for the sale of a stock of goods by the plaintiff to the complainants, at the original cost prices, with the costs and expense of transportation added, charges that Beddoe did not render in good faith the prices at which he purchased the goods, but that he fraudulently concealed the true cost of the said goods, and caused the same to be inventoried at higher prices than he had paid for the same, and thereby defrauded the complainants out of a large sum of money, and therefore prays a discovery, and a decree for *581 the re-payment to them of the amount overpaid in the purchase of said goods, through the fraudulent misrepresentations of Beddoe.
The gravamen of the complaint in the bill is fraud, and the consequent loss to the complainants resulting therefrom. True, a contract is set forth, but as inducement merely to the subsequent allegations of fraud. No distinct relief is sought to be based on the contract itself. If it had been the foundation of the relief asked, it would have been unnecessary to set forth the subsequent allegations of fraud.
It was urged that the object of the complainants was to obtain the re-payment of moneys they had overpaid. If the overpayment had been by mistake, then indeed there might be some color for the proposition, for a contract might in such case be implied. But when the relief asked for is on allegations charging bad faith and fraudulent misrepresentations, the whole character of the case is changed.
It was also contended that these allegations were merely formal ; and that the same expressions are contained in the ordinary declarations in assumpsit. There appears to me to be no analogy between the cases. In assumpsit, the ground of action is the contract. The non-fulfilment of it gives the right of action. In this case, on the contrary, as I have attempted to show, the fraud in fact of the party is the ground of complaint. •
I see no reason, therefore, for the reversal of the judgment.
Wright, Senator.
There is nothing in the bill giving color to the objection urged by the plaintiff in error, except that it sets forth an agreement, by way of inducement, to show how the fraud was committed. The whole liability of Beddoe is put upon the ground that he fraudulently concealed and misrepresented the actual cost prices of the goods; and the complainants could not have obtained a decree without proof clearly establishing a scienter in Beddoe. It is almost the universal practice in courts of law, where you seek to recover for a fraud in the sale or exchange of horses, or any other property, to set out the *582 contract or agreement in which the party made the fraudulent statement, or concerning which he fraudulently concealed some material fact. And yet no one has ever doubted that such an action was one clearly sounding in tort, in which the defendant would be liable to be imprisoned for the damages recovered, and the plaintiff be subject to the same liability for the costs, if unsuccessful.
The act to abolish imprisonment for debt was not intended to protect a fraudulent contractor from imprisonment in any case. And in my opinion the supreme court have gone beyond the act in holding that it exempts from imprisonment a party against whom a recovery is had under a declaration containing counts in assumpsit and trover, where the plea is not guilty, and a general verdict rendered upon both. Such is the case of Brown v. Treat, (1 Hill, 225.) (a) I am not willing to extend the act to a case where the whole gravamen of the action is fraud or tort, although the party may set forth a contract as the inducement to his right of action. I think the nonsuit was properly refused by the circuit judge, upon the ground that the suit in chancery was founded wholly in fraud, and that the complainant Webster was liable to be imprisoned for the costs. The judgment of the supreme court should therefore be affirmed.
Senators Putnam and Sherman also delivered opinions in favor of affirming the judgment of the supreme court, on the ground that the alleged fraud was the foundation of the suit in chancery, and that the contract was alleged merely by way of inducement.
On the question being put, “ Shall this judgment be reversed 1” all the members of the court present who heard the argument, twelve in number, voted for affirming.
Judgment affirmed.

 See this case commented on and explained by Bronson, Ch. J., in Suydav. Smith, (ante, p. 182.)